# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANA PATRICIA CHAVEZ, CECILIA SANTOS, JOSE FRANCISCO CALDERON, ERLINDA FRANCO, and DANIEL ALVARADO, <br><br>    Plaintiffs, <br><br>v. <br><br>NICOLAS CARRANZA, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:03-cv-02932-JPM-tmp |

## ORDER GRANTING MOTION TO RENEW JUDGMENT

On December 3, 2015, Plaintiffs filed a Motion to Renew Judgment or, Alternatively, for Order to Show Cause. (ECF No. 240.) On December 7, 2015, the Court issued an order that, in accordance with Tennessee Rule of Civil Procedure 69.04, denied Plaintiffs' request to renew judgment, granted Plaintiffs' request for an order to show cause, and ordered Defendant to show cause why the judgment should not be renewed. (ECF No. 242.) Defendant responded to the order to show cause on January 25, 2016. (ECF No. 246.) The Court now considers whether judgment should be renewed.

## I. BACKGROUND

This action commenced with the filing of a Complaint on December 10, 2003. (ECF No. 1.) Plaintiffs Ana Patricia

Chavez, Cecilia Santos, Jose Francisco Calderon, Erlinda Franco, and Daniel Alvarado filed their First Amended Complaint on July 29, 2004.  (ECF No. 27.)  On September 30, 2004, the Court denied Defendant's Motions to Dismiss, finding, <u>inter alia</u>, that the statute of limitations was equitably tolled.  (ECF No. 28.)  Plaintiffs filed their Second Amended Complaint on June 20, 2005.  (ECF No. 31.)  On October 18, 2005, the Court denied Defendant's Motion for Judgment on the Pleadings, and in Addition Thereto or in the Alternative, for Summary Judgment.  (ECF No. 97.)  On October 26, 2005, the Court granted Plaintiffs' Motion for Summary Judgment as to Santos, Calderon, Franco,[1] and Alvarado's claims and denied Plaintiffs' Motion for Summary Judgment as to Chavez's claims.  (ECF No. 108.)

The Court held a jury trial over the course of fourteen days beginning on October 31, 2005.  (Min. Entries, ECF Nos. 125-129, 131-133, 136-138, 140, 143, 148.)  On November 18, 2005, the jury returned a verdict in favor of Santos, Calderon, Franco, and Alvarado in the amount of $500,000.00 each in compensatory damages and $1,000,000.00 each in punitive damages.  (Min Entry, ECF No. 148; ECF Nos. 149-150, 152-153.)  The jury was unable to reach a verdict as to Plaintiff Chavez's claims.

---

[1] The Court's order on summary judgment identifies Erlinda Franco as Erlinda Revelo.  (ECF No. 108 at 7-8.)  The docket, however, repeatedly uses the last name "Franco" in reference to this Plaintiff and the jury verdict refers her to Erlinda Franco.  (<u>See</u> ECF Nos. 148, 152.)  The Court therefore refers to this Plaintiff as Erlinda Franco for the sake of consistency.

(Min. Entry, ECF No. 148; ECF No. 151.) On January 17, 2006, the parties stipulated to the dismissal of Chavez's claims. (ECF No. 164.)

On January 18, 2006, following the jury trial and stipulation of dismissal, the Court entered a Judgment in favor of Plaintiffs Santos, Calderon, Franco, and Alvarado, awarding these Plaintiffs the collective amount of $6,000,000.00. (ECF No. 165.) The Court denied Defendant's Motion for Judgment Notwithstanding the Verdict, New Trial, and/or Remittitur on August 15, 2006. (ECF No. 181.) On April 17, 2007, the Clerk of Court awarded Plaintiffs an additional $51,034.27 in costs. (ECF No. 220.)

Defendant filed a Notice of Appeal on September 15, 2006. (ECF No. 186.) On March 17, 2009, the United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment. Chavez v. Carranza, 559 F.3d 486 (6th Cir. 2009). The Supreme Court of the United States denied Defendant's petition for a writ of certiorari on October 5, 2009. Carranza v. Chavez, 558 U.S. 822 (2009).

On December 3, 2015, Plaintiffs filed a Motion to Renew Judgment or, Alternatively, for Order to Show Cause. (ECF No. 240.) Plaintiffs assert that "[d]espite Plaintiffs' sustained and diligent efforts to execute on the Judgment, only $441.03 has been collected to date from Defendant." (Id. at 1.) On

December 7, 2015, the Court granted in part and denied in part Plaintiffs' motion and ordered Defendant to show cause why the judgment should not be renewed. (ECF No. 242.) Defendant responded to the Court's order to show cause on January 25, 2016. (ECF No. 246.)

## II. LEGAL STANDARD

Because "there is no specific federal statute of limitations on how long [a federal] judgment is effective," courts look to state law. In re Hunt, 323 B.R. 665, 666-67 (Bankr. W.D. Tenn. 2005); Fed. R. Civ. P. 69(a). In Tennessee, judgments expire after ten years. See Tenn. Code Ann. § 28-3-110(a)(2). Pursuant to Tennessee Rule of Civil Procedure 69.04, however,

> [w]ithin ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

Tenn. R. Civ. P. 69.04.[2]

---

[2] On December 29, 2015, the Tennessee Supreme Court adopted an amendment to Rule 69.04, subject to approval by resolutions of the General Assembly, to "eliminate[] the prior procedure of issuance of a show cause order by the court." Tennessee Court Order 15-0029. The amended rule is not effective until July 1, 2016.

4

## III. ANALYSIS

Plaintiffs filed the instant motion within ten years of the entry of judgment in this matter. The burden is therefore on Defendant to show sufficient cause why the judgment should not be extended for an additional ten years. See Tenn. R. Civ. P. 69.04. Defendant argues that that there is sufficient cause to deny Plaintiffs' motion for renewed judgment because "El Salvador does not renew or perpetuate judgments; now more than thirty (30) years have passed since the last alleged wrongful act committed in El Salvador; and, in spite of 'Plaintiffs' sustained and diligent efforts to execute on the Judgment', only $441.03 has been collected during the past ten years." (ECF No. 246 at 6.) Defendant argues that Tennessee law and the laws of El Salvador are in conflict as to the ability to renew a judgment and, therefore, comity applies. (Id. at 6-7.) Additionally, Defendant asserts "that Plaintiffs' decision to bring this lawsuit in Tennessee, instead of El Salvador, exemplifies transnational 'forum shopping.'" (Id. at 7.) The Court is not persuaded by Defendant's arguments.

### A. Consideration of El Salvador Law on Renewed Judgments

The Sixth Circuit explained international comity on the direct appeal in the underlying action:

> International comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another

5

> nation, having due regard both to international duty
> and convenience, and to the rights of its own citizens
> or other persons who are under the protection of its
> laws." In order for an issue of comity to arise,
> there must be an actual conflict between the domestic
> and foreign law. There is no conflict for comity
> purposes "where a person subject to regulation by two
> states can comply with the laws of both."

Chavez v. Carranza, 559 F.3d 486, 495 (6th Cir. 2009) (citations omitted). Additionally, where a foreign law does not have "a clear indication that it was intended to apply outside the country enacting it," there is no conflict between domestic and foreign law. Id. (citing BMW Stores, Inc. v. Peugeot Motors of Am., Inc., 860 F.2d 212, 215 n.1 (6th Cir. 1988)).

Like the Salvadoran Amnesty Law at issue in the underlying proceedings, there is nothing in the Salvadoran "Statute of Limitations for Enforcement" to suggest that it was intended to apply extraterritorially. Statutes of limitations are specific to a judicial system. In developing statutes of limitation and rules regarding renewal of judgments, each judiciary may weigh for itself the interests of fairness to defendants and an opportunity for plaintiffs to seek relief. Thus, the time period for enforcement in El Salvador is not binding on this Court. Accordingly, the Court places no weight on El Salvador's two-year period for enforcement of final judgments, or on either of the other statutes submitted by Defendant.[3]

---

[3] The Court further rejects Defendant's contention that Plaintiffs should be penalized for "forum shopping." In its Order issued on September

### B. Length of Time Since Acts Were Committed

The Court also finds that the length of time since the acts underlying this case were committed has no bearing on whether judgment should be renewed. The Court rejected Defendant's argument that the ten-year statute of limitations should not be equitably tolled in its Order Denying Defendant's Motion to Dismiss (ECF No. 28) and its Order Denying Defendant's Motion for Judgment on the Pleadings (ECF No. 97). After carefully considering the facts of this case and the applicable case law, the Court found that the statute of limitations should be equitably tolled because extraordinary circumstances outside Plaintiffs' control made it impossible for Plaintiffs to timely assert their claims. (ECF No. 28 at 8.)

Now, Defendant again argues that he should be released from liability because the events at issue occurred in the remote past. Defendant does not, however, cite to any cases in support of this contention. Thirty years have passed since these events occurred because Plaintiffs reasonably feared reprisal against themselves or their family members in El Salvador until at least March 1994, when the first national elections occurred after the end of the civil war. (See ECF No. 28 at 8-9.) This is

---

30, 2004, the Court noted that "Defendant has offered nothing to show that remedies are available to Plaintiffs in El Salvador." (ECF No. 28 at 10.) Plaintiffs filed this action in the United States, rather than in El Salvador, because El Salvadoran amnesty law precluded them from seeking relief in El Salvador courts.

precisely why the Court found that the statute of limitations should be equitably tolled. It would be contrary to the purpose of equitable tolling to discharge Defendant's liability on this basis.

### C. Plaintiffs' Inability to Execute on the Judgment

Plaintiffs' inability to fully collect on the judgment is also not an appropriate basis to avoid renewal of the judgment. To the contrary, it is the reason why Tennessee law provides for renewal of the judgment. A plaintiff may move for renewed judgment only if the judgment has not been satisfied. Additionally, although Plaintiffs have recovered only $441.03 over the last decade, it is not for lack of trying. Plaintiffs have applied for writs of execution on three occasions. (See ECF No. 194, 207 (sealed), 233.) While, these attempts have apparently been unsuccessful, the Court rejects the notion that Defendant is entitled to benefit from his failure to pay the judgment over the course of the last ten years. Without a showing of sufficient cause, Plaintiffs are entitled to continue their attempts to collect over the next decade.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not shown sufficient cause why the judgment should not be renewed. Plaintiffs' Motion for Renewed Judgment is GRANTED.

The Judgment in this action is hereby renewed for an additional ten years until January 18, 2026.

**IT IS SO ORDERED,** this 16th day of February, 2016.

/s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE